# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **CYNTHIA JOHNSON d/b/a The Little Surf Shack**<br><br>**Plaintiff,**<br><br>v.<br><br>**ASHLY E. SANDS, INCOPRO INC.**, a Delaware Corporation, **WOWEE USA, INC.**, a Delaware Corporation<br><br>**Defendants.** | Civil No. 1:18-cv-00689-LMB-TCB |

## MOTION TO DISMISS BY DEFENDANT INCOPRO INC.

Defendant Incopro Inc. hereby respectfully moves for an order dismissing Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As grounds for its motion, Incopro states as follows:

1. This case arises from a complaint Incorpo submitted to Amazon on behalf of Defendant WowWee USA, Inc. ("WowWee") regarding violations of WowWee's intellectual property rights in connection with WowWee's popular "Fingerling" toys. Plaintiff Cynthia Johnson d/b/a The Little Surf Shack ("Surf Shack"), who was selling Fingerling toys on Amazon at the time, received a notice from Amazon that it had been referenced in a complaint submitted to it.

2. Based on the notice it received from Amazon, Surf Shack has purported to state claims against Incopro (and others) for libel *per se*, libel *per quod*, and tortious interference with business relations. Each claim is premised on the notion that, in its complaint to Amazon,

Incopro accused Surf Shack of selling 48 counterfeit WowWee toys. Surf Shack's claims each fail for several reasons.

3. **First**, Surf Shack's libel claims (Counts I and II) fail because:

   a. Those claims are based on the notice Surf Shack received from Amazon, not the actual complaint Incopro submitted to Amazon. That complaint, which is attached as Exhibit A to the Declaration of Brian Looney filed herewith, does not accuse Surf Shack of selling even one counterfeit product, let alone 48. Thus, Surf Shack's libel claims fail because the communication giving rise to those claims is not reasonably capable of the defamatory meaning Surf Shack ascribes to it. *See Webb v. Virginian-Pilot Media Cos.*, 752 S.E.2d 808, 812 (Va. 2014) (whether statement "is reasonably capable of the defamatory meaning . . . ascribe[d] is a question of law, not fact").

   b. Incopro's complaint to Amazon, even if it reasonably could be construed as defamatory of Surf Shack, was absolutely privileged. Specifically, the complaint was subject to the absolute litigation privilege that "bar[s] defamation claims on the basis of pre-filing, litigation-related communications." *Mansfield v. Bernabel*, 727 S.E.2d 69, 74 (Va. 2012).

   c. Incopro's complaint to Amazon, even if not absolutely privileged, was subject to the qualified privilege that attaches to communications that are "made in good faith on a subject in which the communicating party has an interest or owes a duty . . . if the communication is made to a party who has a corresponding interest or duty." *Smalls v. Wright*, 399 S.E.2d 805,

807 (Va. 1991). And, because Surf Shack has pleaded no facts that would permit it to overcome that qualified privilege, the libel claims are subject to dismissal on that ground as well.

4. **Second**, Surf Shack's claim for tortious interference with business relations (Count III) fails because:

    a. A plaintiff cannot plead around the stringent requirements for pleading a defamation claim by recasting it as some other tort. *See Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 51-56 (1988); *Food Lion, Inc. v. Capital Cities/ABC, Inc.,* 194 F.3d 505, 522 (4th Cir. 1999).

    b. The tortious interference is based on the same misunderstanding about what was actually communicated to Amazon that underlies the defamation claims.

    c. Good faith attempts to police intellectual property rights are privileged with respect to tortious interference claims as well. *See Liverett v. DynCorp Int'l LLC*, No. 1:17cv811, 2018 WL 1533013, at *8 (E.D. Va. Mar. 28, 2018) ("[I]f a [statement] is privileged against a suit for defamation, it must also be protected against an action for interference with business." (citation omitted)); *Virtual Works, Inc. v. Network Sols., Inc.*, No. 99-1289-A, 1999 WL 1074122, at *1 (E.D. Va. Nov. 23, 1999) (dismissing tortious interference claim based on actions to protect trademark, and noting that "*Noerr-Pennington* Doctrine confers immunity on the trademark holder for its actions to protect the mark").

WHEREFORE, and for the reasons set forth more fully in the accompanying memorandum of law, Incopro respectfully request that the Court dismiss with prejudice Plaintiff's Amended Complaint in its entirety.

## MEET AND CONFER CERTIFICATION

Pursuant to Local Rule 7(E), undersigned counsel hereby certifies that counsel for Incopro conferred with counsel for Surf Shack by telephone and electronic mail on December 20, 2018 and December 26, 2018, about this motion, including to request that Surf Shack withdraw the claims asserted against Incopro because they rest on a mistaken premise as to what Incopro actually communicated to Amazon. Surf Shack's counsel advised that he would not agree to voluntarily dismiss Incopro from this action.

Dated: December 28, 2018

Respectfully submitted,

BALLARD SPAHR LLP

By:   */s/ Jay Ward Brown*
      Jay Ward Brown (Va. Bar No. 34355)
      Paul J. Safier (*pro hac vice* forthcoming)
      1909 K Street NW, 12th Floor
      Washington, DC 20006
      Phone: (202) 508-1136
      Fax: (202) 661-2299
      brownjay@ballardspahr.com
      safierp@ballardspahr.com

*Counsel for Defendant Incopro Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on December 28, 2018, a true and correct copy of the foregoing Motion to Dismiss of Defendants Incopro Inc. was served via this Court's ECF system (except where noted) on counsel for parties as follows:

Lance G. Johnson
12545 White Drive
Fairfax, VA 22030
202.445.2000 (phone)
888.495.1303 (fax)
*Counsel for Plaintiff*

Wm. Tyler Shands
Carter T. Keeney
Carter & Shands, P.C.
9030 Stony Point Parkway, Suite 530
Richmond, VA 23235
804.747.7470 (phone)
804.747.7977 (fax)
*Counsel for Defendant WowWee USA, Inc.*

Eve Grandis Campbell
O'Hagan Meyer
411 E. Franklin Street, Suite 500
Richmond, VA 23219
804.403.7109 (phone)
804.403.7110 (fax)
ecampbell@ohaganmeyer.com
*Counsel for Defendant Ashly E. Sands*
(service via Email and First-Class Mail)

    */s/ Jay Ward Brown*
Jay Ward Brown, Va. Bar No. 34355
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006-1157
Phone: (202) 508-1136
Fax: (202) 661-2299
brownjay@ballardspahr.com