## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

CYNTHIA JOHNSON
dba The Little Surf Shack
     Plaintiff,  Case No. 1:18-cv-00689-LMB-TCB

v.

JOHN DOE(S)
     Defendants.

**RESPONSE TO WOWWEE'S 12(B)(6) MOTION TO DISMISS**

  In the memorandum (Dkt. 12) in support of its motion (Dkt. 11), WowWee asserted that plaintiff failed to sufficiently allege claims for defamation or defamation *per se* because plaintiff did not plead the specific words used in the allegedly defamatory communication. WowWee helpfully attached a copy of the original Incopro email, the words and subject matter of which have been incorporated into Exhibit A of the co-filed Motion for Leave to File A Second Amended Complaint.

  WowWee also asserts that plaintiff failed to assert that WowWee actually published anything defamatory. It notes that it was Incopro who made the allegations (Dkt 12 at p. 4) with no action alleged as taken by WowWee. (Dkt. 12 at p. 5).

  Further inspection of Exhibit A attached to WowWee's motion reveals that Incopro declared "under penalty of perjury, that the information contained in this notification is correct and that I am the owner or agent of the owner of the rights described above."

We know that Incopro isn't the rights owner, so they must be the agent (or at least Colin Philpot is in his role of employee of Incopro who was working for WowWee in filing the email complaint).

Virginia "recognize[s] the rule that generally corporations (like WowWee) may be liable for compensatory damages for defamatory statements which are uttered by an agent while engaged in the scope of his employment and which grow out of an act connected with the employment. And, in connection with a qualifiedly privileged defamatory communication, corporations may be liable for compensatory and punitive damages if the agent's malicious conduct either was authorized by the principal or subsequently was ratified by it." *Oberbroeckling v. Lyle*, 234 Va. 373, 381–82, 362 S.E.2d 682, 687 (1987).

Thus, as its corporate principal, WowWee is responsible for the defamation of Incopro in the Incopro email to Amazon. The agency relationship thus forms one basis for WowWee's liability for the defamation of Incopro and the tortious interference of Sands in this case. (Sands specifically acknowledged that she represented WowWee USA, Inc. in her email of February 22, 2018. Exhibit 6 to the Second Amended Complaint.)

WowWee, acting through agents, defamed plaintiff and maintained the ongoing harm of that defamation and the interference it created in the relationship between plaintiff and Amazon by refusing to withdraw the defective complaint even faced with evidence of the error. Both grounds for liability are specifically pleaded in the Second Amended Complaint.

Accordingly, if leave to file the Second Amended Complaint is granted, WowWee's motion to dismiss is moot.

Dated: January 4, 2019                     Respectfully submitted,

**Johnson Legal PLLC**

 /s/ Lance G. Johnson
Lance G. Johnson, #27,929
12545 White Drive
Fairfax, Virginia 22030
Tel: 202-445-2000
Fax: 888-492-1303
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on 4 January 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Lance G. Johnson*