**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **CYNTHIA JOHNSON d/b/a The Little Surf Shack**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ASHLY E. SANDS, INCOPRO INC., a Delaware Corporation, WOWEE USA, INC., a Delaware Corporation**<br><br>**Defendants.** | **Civil No. 1:18-cv-00689-LMB-TCB** |

## <u>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT INCOPRO INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

Defendant Incopro Inc. ("Incopro"), by and through its undersigned counsel, hereby responds to the Second Amended Complaint of Plaintiff Cynthia Johnson d/b/a The Little Surf Shack ("Surf Shack") with the following Answer corresponding to the paragraphs set out in the Second Amended Complaint:

1.      Incopro admits that Paragraph 1 of the Second Amended Complaint accurately identifies the claims asserted in this action.

2.      Incopro admits that it acted as agent of Defendant WowWee USA, Inc. ("WowWee") in connection with sending the complaint to Amazon that is attached as Exhibit 1 to the Second Amended Complaint (the "Incopro email").  Incopro denies that anything in that complaint was "unsupported" or "untrue."  Incopro otherwise states that the Incopro email is a written document that speaks for itself.

3.      Denied.

4.      Paragraph 4 states a legal conclusion as to which no response is required.

5.      Paragraph 5 states a legal conclusion as to which no response is required.

6.      Paragraph 6 states a legal conclusion as to which no response is required.

7.      Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Second Amended Complaint, and they are, on that basis, denied.

8.      Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Second Amended Complaint, and they are, on that basis, denied.

9.      Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Second Amended Complaint, and they are, on that basis, denied.

10.     Incopro denies that its mailing address is 1st Floor, New Penderel, 283-228 High Holborn, London, UK WC1V 7HP.  It otherwise admits the allegations in Paragraph 10 of the Second Amended Complaint.

11.     Incopro admits that WowWee is its client for certain limited purposes.  Incopro lacks knowledge or information sufficient to form a belief about the truth of the other allegation in Paragraph 11 of the Second Amended Complaint, and it is, on that basis, denied.

12.     Incopro admits that it is *an* agent of WowWee for certain limited purposes.

13.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Second Amended Complaint, and they are, on that basis, denied.

14.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Second Amended Complaint, and they are, on that basis,

denied.

15.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Second Amended Complaint, and they are, on that basis, denied.

16.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Second Amended Complaint, and they are, on that basis, denied.

17.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Second Amended Complaint, and they are, on that basis, denied.

18.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Second Amended Complaint, and they are, on that basis, denied.

19.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Second Amended Complaint, and they are, on that basis, denied.

20.     Admitted.

21.     Incopro states that the Incopro email is a written document that speaks for itself.

22.     Incopro states that the Incopro email is a written document that speaks for itself.

23.     Denied.

24.     Incopro denies that it did not attach any evidence in support of its allegations in the Incopro email.  As for the recommendations contained in the notice entitled "Intellectual Property for Right Owner" referenced in Paragraph 24, Incopro states that the notice is a written

3

document that speaks for itself.

25.     Incopro denies that it did not inspect the product Surf Shack was offering for sale on Amazon before sending the Incopro email, though it admits that its inspection did not involve a test buy.  Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Second Amended Complaint as to the conduct of WowWee, and they are, on that basis, denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Second Amended Complaint, and they are, on that basis, denied.

32.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Second Amended Complaint, and they are, on that basis, denied.

33.     Denied.

34.     Denied.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Incopro lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 38 of the Second Amended Complaint, and they are, on that basis, denied.

39.     Incopro admits the allegation in Paragraph 39 of the Second Amended Complaint to the extent that what is being alleged is that Incopro had authority to send the Incopro email on WowWee's behalf.

40.     Incopro denies that it directed any defamatory communication to Amazon. Incopro admits the remaining allegation in Paragraph 40 of the Second Amended Complaint to the extent that what is being alleged is that Incopro had authority to send the Incopro email on WowWee's behalf.

41.     Incopro admits the allegation in Paragraph 41 of the Second Amended Complaint to the extent that what is being alleged is that WowWee did not subsequently disavow the Incopro email and its allegations.

42.     Admitted as to Incopro.

43.     Admitted.

44.     Incopro admits that *an* allegation in the Incopro email was intended to refer to Surf Shack (or at least to a particular page associated with Surf Shack).  It denies that *all* the allegations were so intended.  Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Second Amended Complaint as to what Amazon understood the Incopro email to mean, and those allegations are, on that basis, denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Incopro admits that it knew Surf Shack was a seller on Amazon.  It denies the

5

remaining allegations in Paragraph 48 of the Second Amended Complaint, including those
pertaining to WowWee and Ashly Sands ("Ms. Sands").

49.     Incopro states that the document attached as Exhibit 2 to the Second Amended
Complaint speaks for itself.

50.     Incopro lacks knowledge or information sufficient to form a belief about the truth
of the allegations in Paragraph 50 of the Second Amended Complaint, and they are, on that basis,
denied.

51.     Incopro lacks knowledge or information sufficient to form a belief about the truth
of the allegations in Paragraph 51 of the Second Amended Complaint, and they are, on that basis,
denied.

52.     Incopro lacks knowledge or information sufficient to form a belief about the truth
of the allegations in Paragraph 52 of the Second Amended Complaint, and they are, on that basis,
denied.

53.     Incopro lacks knowledge or information sufficient to form a belief about the truth
of the allegations in Paragraph 53 of the Second Amended Complaint, and they are, on that basis,
denied.

54.     Incopro lacks knowledge or information sufficient to form a belief about the truth
of the allegations in Paragraph 54 of the Second Amended Complaint, and they are, on that basis,
denied.

55.     Denied.

56.     Denied.

57.     Incopro lacks knowledge or information sufficient to form a belief about the truth
of the allegations in Paragraph 57 of the Second Amended Complaint, and they are, on that basis,

denied.

58.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Second Amended Complaint, and they are, on that basis, denied.

59.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Second Amended Complaint, and they are, on that basis, denied.

60.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Second Amended Complaint, and they are, on that basis, denied.

61.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Second Amended Complaint, and they are, on that basis, denied.

62.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Second Amended Complaint, and they are, on that basis, denied.  In addition, Incopro states that the document attached as Exhibit 3 to the Second Amended Complaint is a written document that speaks for itself.

63.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Second Amended Complaint, and they are, on that basis, denied.  In addition, Incopro states that the document attached as Exhibit 4 to the Second Amended Complaint is a written document that speaks for itself.

64.     Incopro states that the document attached as Exhibit 5 to the Second Amended Complaint is a written document that speaks for itself.

65.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Second Amended Complaint, and they are, on that basis, denied.

66.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Second Amended Complaint, and they are, on that basis, denied.

67.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Second Amended Complaint, and they are, on that basis, denied.

68.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Second Amended Complaint, and they are, on that basis, denied.

69.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Second Amended Complaint, and they are, on that basis, denied.

70.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Second Amended Complaint, and they are, on that basis, denied.

71.     Denied.

72.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Second Amended Complaint, and they are, on that basis, denied.

73.     Incopro lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 73 of the Second Amended Complaint, and they are, on that basis, denied.

74.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Second Amended Complaint, and they are, on that basis, denied.

75.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Second Amended Complaint, and they are, on that basis, denied.

76.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Second Amended Complaint, and they are, on that basis, denied.

77.     Incopro states that the document attached as Exhibit 6 to the Second Amended Complaint is a written document that speaks for itself.

78.     Incopro states that the document attached as Exhibit 6 to the Second Amended Complaint is a written document that speaks for itself.

79.     Incopro states that the document attached as Exhibit 6 to the Second Amended Complaint is a written document that speaks for itself.

80.     Incopro denies the allegations in Paragraph 80 of the Second Amended Complaint to the extent that what is being alleged is that there are no ASINs that correspond exclusively to counterfeit or "knock off" products.  Incopro otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 of the Second Amended Complaint, and they are, on that basis, denied.

81.     Denied.

82.     Incopro states that the webpage of thelawdictonary.org which is quoted in Paragraph 82 of the Second Amended Complaint is a written document that speaks for itself. Incopro otherwise denies the allegations in Paragraph 82 of the Second Amended Complaint.

83.     Incopro states that the Incopro email is a written document that speaks for itself.

84.     Incopro states that the Incopro email is a written document that speaks for itself.

85.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 of the Second Amended Complaint, and they are, on that basis, denied.

86.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 of the Second Amended Complaint, and they are, on that basis, denied.

87.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Second Amended Complaint, and they are, on that basis, denied.

88.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Second Amended Complaint, and they are, on that basis, denied.

89.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 of the Second Amended Complaint, and they are, on that basis, denied.

90.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Second Amended Complaint, and they are, on that basis, denied.

91.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Second Amended Complaint, and they are, on that basis, denied.

92.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 of the Second Amended Complaint, and they are, on that basis, denied.

93.     Incopro denies that any defamatory complaint was made to Amazon in connection with the events giving rise to this lawsuit.  Incopro otherwise states that the document attached as Exhibit 7 to the Second Amended Complaint is a written document that speaks for itself.

94.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Second Amended Complaint, and they are, on that basis, denied.

95.     Incopro denies that there were any defamatory allegations in the Incopro email. Incopro states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 95 of the Second Amended Complaint, and they are, on that basis, denied.

96.     Incopro admits that it has not made or offered an apology in accordance with Va. Code § 8.01-46.  Incopro states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Second Amended Complaint as to WowWee or Ms. Sands, and those allegations are, on that basis, denied.

97.     Paragraph 97 states legal conclusions as to which no response is required.

98.     Incopro incorporates by reference its responses to the preceding Paragraphs of the Second Amended Complaint as though fully set forth herein.

99.     Incopro denies that it published any false statements to Amazon.  The remaining allegations of Paragraph 99 of the Second Amended Complaint state legal conclusions as to which no response is required.

100.     Incopro denies that it published any unsubstantiated allegations of moral turpitude to Amazon.  The remaining allegations of Paragraph 100 of the Second Amended Complaint state legal conclusions as to which no response is required.

101.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 of the Second Amended Complaint, and they are, on that basis, denied.

102.     Incopro incorporates by reference its responses to the preceding Paragraphs of the Second Amended Complaint as though fully set forth herein.

103.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 of the Second Amended Complaint, and they are, on that basis, denied.

104.     Incopro denies that it published any incorrect, unsupported, or defamatory allegations about Surf Shack.  Incopro lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 104 of the Second Amended Complaint, and they are, on that basis, denied.

105.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 of the Second Amended Complaint, and they are, on that basis, denied.

106.     Incopro incorporates by reference its responses to the preceding Paragraphs of the Second Amended Complaint as though fully set forth herein.

107.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 of the Second Amended Complaint, and they are, on that basis, denied.

108.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 of the Second Amended Complaint, and they are, on that basis, denied.

109.     Denied.

110.     Incopro denies that it published any false statements to Amazon.  Incopro lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 110 of the Second Amended Complaint, and they are, on that basis, denied.

111.     Incopro denies that it published any false statements to Amazon.  Incopro lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 111 of the Second Amended Complaint, and they are, on that basis, denied.

112.     Incopro denies that it published any unfounded statements to Amazon.  Incopro lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 112 of the Second Amended Complaint, and they are, on that basis, denied.

113.     Incopro lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 of the Second Amended Complaint, and they are, on that basis, denied.

## AFFIRMATIVE DEFENSES

By alleging the separate and additional defenses set forth below, Incopro is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

### FIRST DEFENSE

Surf Shack has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Surf Shack has failed to mitigate its damages as required by law.

### THIRD DEFENSE

Incopro notes that Surf Shack bears the burden of proving that the allegedly defamatory statements are materially false, and avers that they are substantially true.

### FOURTH DEFENSE

With respect to the conduct giving rise to the lawsuit, Incopro acted with good faith.

### FIFTH DEFENSE

The statements Surf Shack alleges are defamatory are privileged under the litigation privilege.

### SIXTH DEFENSE

The statements Surf Shack alleges are defamatory are privileged under the common-interest, or "qualified," privilege.

### SEVENTH DEFENSE

The actions Surf Shack alleges constituted tortious interference with business relations were privileged.

## EIGHTH DEFENSE

The actions Surf Shack alleges constituted tortious interference with business relations were justified.

## NINTH DEFENSE

Incopro did not publish the statements Surf Shack alleges are defamatory with either constitutional or common law malice.

## TENTH DEFENSE

Surf Shack cannot recover punitive damages under the First and Fourteenth Amendments to the U.S. Constitution.

## ELEVENTH DEFENSE

Surf Shack cannot recover punitive damages under Washington law.

**WHEREFORE,** Incopro respectfully requests that:

1.      Judgment be entered in its favor, and the Second Amended Complaint against it be dismissed with prejudice;

2.      Incopro be awarded its costs, disbursements, and attorneys' fees; and

3.      The Court grant Incopro such other and further relief as is just and proper.


Dated: February 4, 2019                     Respectfully submitted,

                                            BALLARD SPAHR LLP

                                            By:   */s/ Jay Ward Brown*
                                            Jay Ward Brown (Va. Bar No. 34355)
                                            Paul J. Safier (*pro hac vice*)
                                            Matthew E. Kelley (Va. Bar No. 84045)
                                            1909 K Street NW, 12th Floor
                                            Washington, DC 20006
                                            Phone: (202) 508-1136
                                            Fax: (202) 661-2299
                                            brownjay@ballardspahr.com
                                            safierp@ballardspahr.com

15

kelleym@ballardspahr.com

*Counsel for Defendant Incopro Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 4, 2019, a true and correct copy of Incopro Inc.'s Answer was

served via ECF on counsel for the parties as follows:

Lance G. Johnson
Johnson Legal PLLC
12545 White Drive
Fairfax, VA 22030
lance@lgjlegal.com
*Counsel for Plaintiff*

Wm. Tyler Shands
Carter T. Keeney
Carter & Shands, P.C.
9030 Stony Point Parkway, Suite 530
Richmond, VA 23235
wtshands@carterandshands.com
ckeeney@carterandshands.com
*Counsel for Defendant WowWee USA, Inc.*

　　　　　　　　　　　　　　　*/s/ Jay Ward Brown*
　　　　　　　　　　　　　Jay Ward Brown (Va. Bar No. 34355)
　　　　　　　　　　　　　1909 K Street NW, 12th Floor
　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　Phone: (202) 508-1136
　　　　　　　　　　　　　Fax: (202) 661-2299
　　　　　　　　　　　　　brownjay@ballardspahr.com

　　　　　　　　　　　　　*Counsel for Defendant Incopro Inc.*